## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | | **CIVIL ACTION NO.: 2:23-cv-01012** |
| **LYNNTON & DEBRA ETHRIDGE** | * | |
| | * | |
| **VERSUS** | * | **JUDGE: JAY C. ZAINEY** |
| | * | |
| **GREAT NORTHERN** | * | **MAGISTRATE:** |
| **INSURANCE COMPANY** | * | **KAREN WELLS ROBY** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes the Defendant, Great Northern Insurance Company ("Great Northern" and/or "Defendant"), which respectfully submits the following Answer and Affirmative Defenses in response to the Petition for Damages (the "Compliant") filed by the Plaintiffs, Lynnton & Debra Ethridge (the "Plaintiffs").

### HURRICANE IDA

1.

The allegations contained in Paragraph 1 are denied for lack of sufficient information.

2.

The allegations contained in Paragraph 2 are admitted as to status, any indebtedness on part of the Defendant is specifically denied.

92330510.1

3.

The allegations contained in Paragraph 3 denied for lack of sufficient information.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information.

6.

The allegations contained in Paragraph 6 are denied except to admit existence of insurance and that policy, being a written document, is the best evidence of its contents and said policy is pled herein as if copied *in extenso*.

7.

The allegations contained in Paragraph 7 are denied as written.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied as written.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations contained in Paragraph 11 are denied as written.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied as written.

14.

The allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 are denied.

18.

The allegations contained in Paragraph 18 denied for lack of sufficient information.

19.

The allegations contained in Paragraph 19 are denied.

20.

The allegations contained in Paragraph 20 are denied.

21.

The allegations contained in Paragraph 21 are denied.

22.

The allegations contained in Paragraph 22 are denied.

23.

The allegations contained in Paragraph 23 are denied.

24.

The allegations contained in Paragraph 24 are denied.

25.

The allegations contained in Paragraph 25 are denied.

26.

The allegations contained in Paragraph 26 are denied.

27.

The allegations contained in Paragraph 27 are denied.

28.

The allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are denied except to admit existence of insurance and that policy, being a written document, is the best evidence of its contents and said policy is pled herein as if copied *in extenso*.

30.

The allegations contained in Paragraph 30 are denied.

31.

The allegations contained in Paragraph 31 are denied.

32.

The allegations contained in Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 are denied.

34.

The allegations contained in Paragraph 34 are denied.

35.

The allegations contained in Paragraph 35 are denied.

36.

The allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 are denied.

38.

The allegations contained in Paragraph 38 are denied as they call for a legal opinion and/or conclusion.

39.

The allegations contained in Paragraph 39 are denied as they call for a legal opinion and/or conclusion.

40.

The allegations contained in Paragraph 40 are denied as they call for a legal opinion and/or conclusion.

41.

The allegations contained in Paragraph 41 are denied.

42.

The allegations contained in Paragraph 42 are denied.

43.

The allegations contained in Paragraph 43 are denied.

44.

The allegations contained in Paragraph 44 are denied.

45.

The allegations contained in Paragraph 45 are denied.

46.

The allegations contained in Paragraph 46 are denied.

47.

The allegations contained in Paragraph 47 are denied.

48.

The allegations contained in Paragraph 48 are denied.

49.

The allegations contained in Paragraph 49 are denied.

## **JURY DEMAND**

Defendant prays for, and is entitled to, trial by jury as to all issues herein.

## **AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING,** Great Northern Insurance Company, without admission of any fact or of liability, states the following defenses in the alternative:

## **FIRST DEFENSE**

Great Northern hereby excepts to Plaintiffs' Complaint as Plaintiffs have no right of action and no cause of action in the filing of this lawsuit for the alleged subject loss.

## SECOND DEFENSE

Great Northern hereby excepts to Plaintiffs' Complaint in that it fails to state a cause of action and right of action for any and all bad faith allegations, including those regarding arbitrariness and/or capriciousness, allegedly entitling Plaintiffs to attorney's fees, expenses, and costs, and hereby denies that Plaintiffs have provided satisfactory proof of loss. Great Northern further alleges that Plaintiffs have failed in their duty of good faith and fair dealing to cooperate and provide documentation pursuant to the contract/Policy of insurance with Great Northern.

## THIRD DEFENSE

The claims stated in the Complaint are based on a contract of insurance between the parties. Great Northern avers that the Policy issued to the Plaintiffs, being a written contract, is the best evidence of its coverages, terms, conditions, provisions, limitations, qualifications, endorsements, and exclusions contained therein, and of the contractual obligations of the Plaintiffs, especially the obligation of cooperation. Great Northern hereby incorporates and pleads herein by reference said Policy as if copied verbatim *in extenso*, citing any and all coverages, terms, conditions, provisions, limitations, qualifications, endorsements, and exclusions, as stated therein.

## FOURTH DEFENSE

Great Northern has no obligations under the Policy unless and until all terms, provisions and conditions, including conditions precedent or subsequent, of the Policy have been satisfied. Said Policy conditions include, but are not limited to, those detailed provisions titled "Concealment or Fraud," "Your Duties After Loss," "Loss Settlement," "Other Insurance," "Suit Against Us," "Loss Payment," "No Benefit to Bailee," and the like. To the extent that Plaintiffs have not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, or

have failed to comply with all of the terms of the Policy, Great Northern has no obligation or liability under the Policy.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damages fall outside the scope of coverage provided by the Policy and/or by the terms, conditions, provisions, limitations, endorsements, and/or exclusions contained in the Policy, all of which are incorporated herein by reference, as if copied, *in extenso*.

## SIXTH DEFENSE

The Policy provides coverage (consistent with all of the terms, conditions, limitations, and exclusions therein) only for loss caused by "Perils Insured Against" as described in the Policy. Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are not for a loss caused by "Perils Insured Against" within the meaning of the Policy.

## SEVENTH DEFENSE

No coverage exists to the extent that Plaintiffs' claimed losses exceed the applicable limit of insurance or time period specified in the Policy.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by their failure to mitigate, minimize, or avoid the damages and losses alleged.

## NINTH DEFENSE

Plaintiffs had the last opportunity to avoid property damage but failed to do so.

## TENTH DEFENSE

Any liability for the alleged damages under the Policy is subject to any and all co-insurance provisions in the Policy.

**ELEVENTH DEFENSE**

The Policy issued to Plaintiffs contains condition(s), such as "Your Duties After Loss," concerning Plaintiffs' duties in the event of loss or damage. Failure to fulfill these conditions is the failure of a condition precedent to coverage and may void coverage under the Policy. Plaintiffs failed to comply with the condition(s), in breach of the contract/Policy, and Great Northern affirmatively pleads them as a defense to the instant litigation.

**TWELFTH DEFENSE**

Great Northern specifically alleges that the named insured, Plaintiffs, have not provided satisfactory proof of loss for any additional compensation or damages sustained by Plaintiffs, and therefore, Plaintiffs are not entitled to additional compensation. Moreover, Great Northern avers that it has not been afforded satisfactory proof of loss covered by the Policy at issue, as is required by jurisprudential law, statutory law, and the contractual terms and conditions of the Policy. Great Northern further submits that the Plaintiffs' failure to mitigate further damages and/or provide requested documents, items, things, photographs, information, etc. to Great Northern in order for Great Northern to determine additional facts about the alleged property damage was the sole cause of Plaintiffs' damages beyond those verified by Great Northern.

**THIRTEENTH DEFENSE**

Should it be shown that Plaintiffs and/or any person or entity acting on behalf of or representing Plaintiffs have made any material misrepresentations in connection with Plaintiffs' claim for recovery of damages under the Policy, Great Northern pleads such representations are in violation of the terms and conditions of said Policy, thereby voiding coverage and any obligations thereunder, pursuant to the terms and conditions of said Policy, which are pled as if copied herein *in extenso*, as well as any relevant statutes of the Federal Rules of Civil Procedure, Louisiana Code

of Civil Procedure, and/or Louisiana Revised Statutes.

## FOURTEENTH DEFENSE

Great Northern specifically avers that Plaintiffs have acted arbitrarily and have hereby breached said contract/Policy to the extent of and/or if it is later determined Plaintiffs have not saved and/or preserved for inspecting any property allegedly damaged because of the subject hurricane and/or has discarded or displaced any or all personal property allegedly damaged because of the subject hurricane before the inspection by Great Northern or its contacts and/or agents, in contradiction to said contract/Policy.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs have spoiled any evidence, Great Northern is entitled to a dismissal of Plaintiffs' claims due to spoliation of the evidence.

## SIXTEENTH DEFENSE

Great Northern represents that a bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to additional insurance benefits from Great Northern, and that Great Northern's employees, agents, representatives, and adjusters are entitled to value claims differently from the policy holders without facing bad faith or extra-contractual liability. Great Northern further avers that a bona fide controversy exists regarding the scope of any alleged covered loss, the value of such loss, and/or the extent to which any asserted loss was the result of a covered peril insured against.

## SEVENTEENTH DEFENSE

Great Northern has adjusted and has attempted to further adjust Plaintiffs' claim in good faith in accordance with the terms and conditions of the applicable Policy and in compliance with applicable statutory or jurisprudential law.

92330510.1                                                    10

## EIGHTEENTH DEFENSE

Great Northern specifically and strenuously asserts that it has acted reasonably, fairly, and in good faith in handling and in the adjustment of Plaintiffs' claim for damages allegedly related to the subject hurricane.

## NINETEENTH DEFENSE

Great Northern did not have any general or specific duties to Plaintiffs under the facts alleged in the Complaint. Further, assuming *arguendo* that Great Northern had general and/or specific duties to the Plaintiffs under the facts alleged, no such duties were breached.

## TWENTIETH DEFENSE

Although Great Northern expressly denies that it has, in any manner, breached its contractual or statutory duties to the Plaintiffs, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiffs have not suffered any real damage as a result of said breach and/or violation of statutory duties.

## TWENTY-FIRST DEFENSE

Great Northern has no liability to the Plaintiffs for costs, expenses, fees, interest, and/or any other type of damages.

## TWENTY-SECOND DEFENSE

Plaintiffs have recovered and been compensated for any and all recoverable damages allegedly sustained.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have already been fully compensated for all covered losses through the payment of their claim(s) to Plaintiffs or to other entities and/or parties on Plaintiffs' behalf.

## TWENTY-FOURTH DEFENSE

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

## TWENTY-FIFTH DEFENSE

Any damage allegedly incurred by Plaintiffs, if any, was not caused by or contributed to in any way by the fault, neglect, want of due care, arbitrary or capricious acts, or breach of contractual duty on the part of Great Northern, but was caused by the fault, neglect, and want of due care of Plaintiffs or other parties over whom Great Northern had and has no control, including but not limited to, other parties whose identities are unknown at this time.

## TWENTY-SIXTH DEFENSE

There is no coverage for Plaintiffs' claims to the extent their claims are barred, in whole or in part, by the doctrines of accord and satisfaction, payment, release, absence of provable damages, *res judicata*, waiver, laches, unclean hands, set-off, and/or collateral estoppel. Plaintiffs' claims are also barred in whole, or in part, by his judicial admissions.

## TWENTY-SEVENTH DEFENSE

To the extent Great Northern may have any liability under the Policy, Plaintiffs' damages must be offset by the amount of any applicable policy deductibles, aggregates, depreciation and/or any other limitations contained within the Policy. Further, any award to Plaintiffs must be offset by all payments and credits available by reason of settlement, contributions, or payment by any other insurer or third parties. Great Northern further pleads that it is entitled to an offset or credit for amounts paid pursuant to any other policy covering the Plaintiffs' Property.

## TWENTY-EIGHTH DEFENSE

To the extent that monies recoverable under Plaintiffs' Policy are payable to a mortgagee or other third party, Great Northern is entitled to a set-off for any amounts paid to the mortgagee or third party, and is entitled to fully or partially satisfy any judgment that may be entered herein

by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

**TWENTY-NINTH DEFENSE**

To the extent that Great Northern has made any payments to which Plaintiffs are not entitled, Great Northern reserves and asserts its rights to recover those amounts by reconvention or counterclaim.

**THIRTIETH DEFENSE**

Great Northern contends that there is no cause of action for the claims asserted herein; however, should this Honorable Court find any negligence and/or fault on the part of Great Northern, which is specifically denied, then Great Northern avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solidarily liable with the other party or non-party, apply here.

**THIRTY-FIRST DEFENSE**

Plaintiffs are responsible for reading their Policy, as well as any renewal notices, and Plaintiffs are presumed to know the provisions of his Policy, including the insurers' limits of liability, and may not avail himself of ignorance of the Policy or law.

**THIRTY-SECOND DEFENSE**

Due to the early stages of this litigation, all facts necessary to assert affirmative defenses are not known at this time. Great Northern reserves the right to assert additional affirmative defenses as additional facts become known.

**WHEREFORE,** Defendant, Great Northern Insurance Company, prays that this Answer be deemed good and sufficient, and that, after all due proceedings are had, Plaintiffs' lawsuit be dismissed with prejudice, at Plaintiffs' costs, expenses and fees, and for all other, general and

equitable relief to which Great Northern may be entitled.

Dated: March 27, 2023.

Respectfully submitted:

/s/Paul A. Eckert
JAMES W. HAILEY, III (23111)
PAUL A. ECKERT, (05265)
ANTONIO J. TORRES (40532)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 130028 US
New Orleans, LA  70130
Phone:  504-322-4100
Fax:  504-754-7569
Email:   Paul.Eckert@lewisbrisbois.com
*Attorneys for Great Northern Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy of the above and foregoing pleading has been served upon opposing counsel by e-mail, fax, and/or by placing same in the U.S. Mail, postage prepaid and properly addressed, this 27 day of March, 2023.

/s/Paul A. Eckert
Paul A. Eckert